IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
Civil Case No. 1:09cv269
[Criminal Case No. 1:07cr46]

| | |
|---|---|
| MICHAEL G. POPE, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. )<br>_____ ) | **MEMORANDUM<br>AND ORDER** |

**THIS MATTER** is before the Court on the Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [Doc. 1].

**PROCEDURAL HISTORY**

On May 3, 2007, the Petitioner was charged with one count of conspiracy to traffic in counterfeit goods, in violation of 18 U.S.C. §371, seven counts of trafficking in counterfeit goods, in violation of 18 U.S.C. §2320, and two counts of money laundering, in violation of 18 U.S.C. §1957(a). United

1

States v. Pope, Criminal Case No. 1:07cr46 [Doc. 1]. On June 29, 2007, the Petitioner entered into a Plea Agreement with the Government pursuant to which he agreed to plead guilty to Count One in exchange for the dismissal of the remaining counts at sentencing. [Doc. 12, at 1]. The Plea Agreement contained an express waiver of his right to file a direct appeal except as to claims of ineffective assistance of counsel and prosecutorial misconduct. [Id., at 5]. On July 3, 2007, the plea agreement was amended as to matters not relevant to this decision. [Doc. 14, at 10].

On that same day, the Petitioner appeared before Magistrate Judge Dennis L. Howell and pled guilty to conspiracy to traffic in counterfeit goods. Judge Howell engaged the Petitioner in a lengthy colloquy to ensure that he understood the nature and consequences of the proceedings and his actions. [Doc. 15]. On July 7, 2008, Hon. Lacy H. Thornburg sentenced the Petitioner to 37 months of imprisonment. [Doc. 25]. The Petitioner did not file a direct appeal from his conviction and sentence. As a result, the Petitioner's conviction and sentence became final, for purposes of filing a motion pursuant to §2255, when the time for filing a direct appeal expired. United States v. Wilson, 256 F.3d 217, 221 (4th Cir. 2001), *certiorari denied* 534 U.S. 1086, 122 S.Ct. 823, 151 L.Ed.2d 705 (2002), *citing* Kapral v. United States, 166 F.3d

565, 577 (3rd Cir. 1999); *accord*, United States v. Walker, 194 F.3d 1307 (4th Cir. 1999), *citing* Adams v. United States, 173 F.3d 1339, 1342 n.2 (11th Cir. 1999).

On July 13, 2009, the Petitioner timely filed this civil action attacking his conviction and sentence claiming, among other things, that his trial attorneys were ineffective for having failed to file an appeal as the Petitioner requested. On September 11, 2009, this case was reassigned to the undersigned when Judge Thornburg retired.

In response to an Order from the Court to respond, the Government filed affidavits from defense counsel in which they deny ever receiving a directive from the Petitioner to file a notice of appeal. [Doc 5-1, Doc. 5-2]. The Government then conceded that under Fourth Circuit precedent, this Court would be required to conduct an evidentiary hearing to resolve the credibility discrepancies between the Petitioner's allegation and his attorneys' affidavits. [Doc. 5, at 11].

> The Government recognizes that Petitioner does not state that he unequivocally asked [trial counsel] to file a notice of appeal on his behalf, but in light of the inference from his pleading that he may have done so and at least made repeated attempts to communicate his desire to appeal, the Government believes that the Fourth Circuit would require an evidentiary hearing or that Petitioner be permitted to file a timely notice of appeal.

[Id.].

The Government therefore requests that the motion pursuant to §2255 be dismissed without prejudice and that an amended judgment be entered from which the Petitioner may appeal. [Id., at 12]. The Government also did not respond to the other allegations raised in the motion but instead asked for an extension of time within which to do so if the Court declined to first address the issue of appeal.

**DISCUSSION**

Where a defendant unequivocally instructs an attorney to file a timely notice of appeal, the attorney's failure to file the appeal is *per se* ineffective assistance of counsel regardless of the merits of the appeal. United States v. Poindexter, 492 F.3d 263 (4th Cir. 2007); United States v. Peak, 992 F.2d 39, 42 (4th Cir. 1993). Counsel's performance is ineffective under these circumstances even when the proposed appellate claim involves a matter which is covered by a waiver provision in the plea agreement. Poindexter, 492 F.3d at 273. In this case, the Petitioner did sign an appeal waiver and thus, he may "obtain little more than an opportunity to lose at a later date." Id. Nonetheless, the Fourth Circuit has clearly held that the right to have the

appeal filed must be upheld in such circumstances. Id.

The Petitioner has alleged that his counsel was ineffective because he "called [his attorney] to tell him that [he] wanted to appeal." [Doc. 1, at 10]. He was not able to speak directly with his attorney until the last day for filing an appeal. [Id.]. Thus, although the Government has filed its response containing affidavits in which the Petitioner's former attorneys denied this allegation, the Court is compelled to give the Petitioner the benefit of the doubt. United States v. Santana, 263 Fed.Appx. 334, 335 (4th Cir. 2008) (noting that credibility determinations should not be made on conflicting affidavits). The Court therefore finds that the Petitioner's Motion to Vacate should be granted only as to his claim that counsel was ineffective for failing to file a notice of appeal on his behalf. The Court will vacate its original judgment and enter a new judgment from which an appeal can be taken.

> The Petitioner's remaining claims are dismissed without prejudice.
>
> Because [the Petitioner] has never had a direct appeal, ... taking further action on [his] motion beyond granting [the] Peak claim [would be] inappropriate. The [Court will dismiss] the remaining claims without prejudice to [his] right to file another habeas motion, if necessary, after a direct appeal.

United States v. Killian, 22 Fed.Appx. 300, 301 (4th Cir. 2001).

5

## NOTICE OF APPEAL RIGHTS

The Petitioner is hereby advised that he has an absolute right to appeal his criminal case and any issues in it to the United States Fourth Circuit Court of Appeals. Should the Petitioner choose to appeal, he must file a Notice of Appeal with the Clerk of Court for the United States District Court for the Western District of North Carolina within fourteen (14) calendar days after the date the Amended Judgment of Conviction is filed or within fourteen (14) calendar days after any government appeal is filed, whichever is later.

## ORDER

**IT IS, THEREFORE, ORDERED** as follows:

1. The Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [Doc. 1] is hereby **GRANTED** in part as to the claim that trial counsel provided ineffective assistance of counsel by failing to file a notice of appeal and is hereby **DENIED** without prejudice as to all other claims.

2. The Judgment in a Criminal Case [Doc. 25] in United States v. Pope, Criminal Case No. 1:07cr46, is hereby **VACATED** and the Clerk of Court is instructed to prepare an Amended Judgment in a Criminal Case with the same sentence and conditions as indicated on the original

Judgment in a Criminal Case [Doc. 25].

3. The Petitioner shall remain in the custody of the United States Attorney General and the Bureau of Prisons pending the entry of the amended Judgment.

4. The Petitioner may appeal the Amended Judgment in a Criminal Case as explained in this Order.

Signed: May 3, 2010

Martin Reidinger
United States District Judge